MARTIN HEENAN, Appellant, v. GOLD GOOSE COAL & MINING COMPANY, Appellee.

**TRIAL:** Instructions—Paraphrasing Allegations of Negligence. The court may very properly paraphrase and condense different grounds of negligence.

**NEGLIGENCE:** Assumption of Risk—Inaccurate Plea. A plea that miners, by leaving their tools in the mine during the nighttime,

assumed the risk of loss from the flooding of the mine, is sufficient to justify the presentation of the issue, though rendered somewhat inaccurate by being referred to as a risk "incident to the employment."

**MINES AND MINERALS: Operation of Mines—Subterranean Waters.**
3  Principle recognized that the opening up of subterranean waters in mining operations may be an accident over which the mine owner may have no control, and for which he would not be responsible in damages.

*Appeal from Monroe District Court.*—D. M. ANDERSON, Judge.

JANUARY 10, 1922.

ACTION at law, to recover damages for the value of mining tools lost in the service of defendant. Verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*John T. Clarkson* and *Fred C. Huebner,* for appellant.

*D. W. Bates* and *Richmond & Richmond,* for appellee.

PER CURIAM.—On March 15, 1918, the plaintiff and 26 fellow workmen were engaged as coal miners in the service of the defendant company. At the close of their day's work, these employees, following the usual custom, left their tools in the mine, preparatory to a resumption of their use on the following morning. During the night, the mine, or a considerable portion thereof, was flooded by a large volume of water, with the result that the tools left therein were lost. The plaintiff in this case suffered a loss of that character, and in his own behalf and as assignee, representing his companions in that misfortune, he brings this action, on the theory that the negligence of the defendant was the proximate cause of the loss.

The specifications of alleged negligence are: (1) That the defendant negligently failed to cause a drill hole to be driven ahead of the working face of the mine—a precaution which would have revealed the danger and given the workmen timely warning to remove their tools; (2) that defendant failed to exercise proper caution in extending its work in the direction of an old abandoned mine, containing water; and (3) that the com-

pany negligently extended its workings in such close proximity
to the old flooded mine as to create danger that the water would
break through the intervening strata.

The defendant denies all charges of negligence on its part,
and alleges that the miners were, and for some time had been,
working in this immediate vicinity, knew that water had been
seeping into the mine for several days, and had as much knowl-
edge of the conditions there existing as the defendant had; that
the tools were the individual property of the several miners us-
ing them, and defendant exercised no authority or control over
them; and that plaintiff and his assignors, by leaving their tools
in the mine, assumed the risk of their loss.

The issues were tried to a jury, which returned a verdict
for the defendant.

I.  Without attempting to follow appellant's propositions
in the order of their presentation in argument, we first notice
his contention that the verdict of the jury is without warrant in
the evidence; and that defendant should be held chargeable with
negligence as a matter of law.  We cannot so hold.  In the first
place, the theory of plaintiff, that the water which flooded de-
fendant's mine came from the abandoned "Jack Oak" mine,
and broke therefrom because of defendant's fault in driving its
own works too near the Jack Oak, may be admitted to have some
support by inference in the record, but the showing is by no
means clear or conclusive.  We have examined the very volumi-
nous volume of testimony as shown by the abstracts, and are
satisfied that the court below did not err in treating this as a
jury question.

II.  It is complained that the court erroneously narrowed
the issues by failing to instruct upon the grounds of negligence
stated in the petition.  When fairly construed, however, the
several forms in which negligence is charged are
really reducible to one, and the charge of the
court to the jury fairly presented all the perti-
nent fact questions.  Of the three so-called speci-
fications, the second stated only an argumentative conclusion,
without pointing out any fact or circumstance constituting the
alleged neglect.  The first and third specifications are so closely
related as to be fairly considered together as a charge of negli-

1. TRIAL: instruc-
tions: para-
phrasing allega-
tions of negli-
gence.

gence in extending the defendant's operation too near the Jack Oak mine without precaution against a flood therefrom. This was the one controlling question of fact, and the court quite fully and fairly charged the jury thereon.

III.    It is further complained that the court submitted to the jury the question of assumption of risk by workmen who left their tools at a place where they were lost in the flood, when the

2. NEGLIGENCE: assumption of risk: inaccurate plea.

only assumption pleaded in the answer was of the risks incident to the work. This does not quite fairly reflect the record. The plea referred to is an allegation that the tools were the individual property of the miners, who voluntarily and of their own accord left their outfit of tools in the mine, knowing the conditions prevailing there, and thereby took upon themselves the risk of their loss. This does not present the question of assumption of risk, in its usual and most familiar application to the relation of employer and employee. The risk in this instance is not that of personal injury sustained in the service of the employer, but the risk of loss of items of the property of the employee which, of his own volition, he leaves in the mine during his absence therefrom, having as much knowledge of the impending danger, if any, as the defendant itself had. The expression "incident to the employment" in the answer is, perhaps, not an apt or fortunate one, but we think the plea as a whole is sufficient to justify the instruction criticised.

IV.    The court also charged the jury as follows:

"If the water in question, and which flooded defendant's mine, was not from the old workings of another mine, but was

3. MINES AND MINERALS: operation of mines: subterranean waters.

from a natural water strata, then the striking of such strata and flooding of the mine would be an accident over which defendant had no control, and for which it would not be chargeable in negligence nor responsible in damages."

Error is assigned upon this instruction, because it is said there is "not a scintilla of evidence tending to show that the water which flooded the mine was water collected in the natural strata." That argument, pushed to its logical conclusion, would be equally fatal to appellant's claim that the flood came from the old Jack Oak mine; for no witness pretends to know that the

flood came from that source. It is a matter of common knowledge that the earth is a storehouse of water, and it is no very unusual thing for excavations therein to tap veins producing it in great quantities. The source of this particular flood, so far as this record discloses it, is not a matter of knowledge or direct proof, but of inference or argument from the surrounding circumstances; and the instruction quoted is not subject to the objection urged against it.

Other points have been made and argued, but we find nothing in them to indicate prejudicial error of which plaintiff can complain. The case in all its material features is peculiarly one of fact, and the jury's finding thereon must be sustained. The judgment of the district court is—*Affirmed*.